**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN ANDREW KRAUSE, individually, and on behalf of all statutory beneficiaries of Drey Krause, | No. 20-16189 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-08185-SMB |
| v. | MEMORANDUM[*] |
| COUNTY OF MOHAVE; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted April 12, 2021
San Francisco, California

Before: SCHROEDER and BADE, Circuit Judges, and JACK,[**] District Judge.

In this appeal, Plaintiff/Appellant Ryan Andrew Krause challenges the

district court's grant of summary judgment in favor of defendants in his 42 U.S.C.

§ 1983 action alleging excessive force in violation of the Fourth Amendment. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We affirm.

This case arose out of the shooting death of Drey Gerald Krause during a police investigation of a 911 call regarding a shot fired from the direction of Krause's trailer in the direction of a neighbor. Officer Jordan Selmanson knocked on Krause's door and announced that he was from the sheriff's office, twice. When Krause opened the door leading with the barrel of a shotgun, Selmanson backed away and told Krause loudly at least twice to drop the gun. Instead, Krause began raising the shotgun up towards a 90-degree angle, at which point Selmanson fired three shots, two of which hit and fatally wounded Krause.

A claim that law enforcement officers used excessive or deadly force is examined under the Fourth Amendment and the objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). Courts recognize that the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular

20-16189

situation." *Id.* at 396-97.

The district court correctly held that Plaintiff failed to raise a triable issue of fact as to whether Selmanson's use of lethal force was objectively reasonable. By ignoring repeated lawful orders to drop the gun and instead bringing his left hand over to grip the shotgun with both hands and beginning to raise the barrel up to a ninety-degree angle, Krause created an immediate threat to Selmanson's life. Although Plaintiff argued that there were several factual disputes (e.g., whether Krause was inside his trailer doorway or if he stepped out, whether he was facing Selmanson, whether Krause was trying to hand the rifle to Selmanson), we agree that Selmanson's use of deadly force was objectively reasonable even under Plaintiff's version of the facts. *See George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013) ("If the person is armed – or reasonably suspected of being armed –a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat.")

We reject as unpersuasive Plaintiff's contention that Selmanson's repeated orders to drop the gun provided insufficient warning to Krause or that a more fulsome warning was practicable during the short duration of this event. *See Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir. 1997) (requiring warnings "whenever practicable"). We also reject Plaintiff's arguments that Selmanson had a duty to retreat or use less intrusive methods to engage Krause, *see Scott v.*

3                                                                                    20-16189

*Henrich*, 39 F.3d 912, 915 (9th Cir. 1994), or that firing shots at Krause violated his Fourth Amendment rights by allegedly putting Officer Richard Schiller in unreasonable danger.

The district court correctly granted summary judgment on Plaintiff's denial of medical care claim because the officers fulfilled their due process obligation by calling for medical assistance within one minute of Krause being shot. *See Contra Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986) ("Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital.").

In the alternative, the district court correctly found that the police officers were entitled to qualified immunity on the excessive force and denial of medical care claims because Plaintiff does not point to any controlling case law that "squarely governs the specific facts at issue," *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam), such that the police officers would have had notice that alleged unlawfulness is "apparent" in "light of pre-existing law[.]" *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

We affirm summary judgment of Plaintiff's state law wrongful death claims for the same factual reasons as his federal claims.

20-16189

**AFFIRMED.**